UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SURAWAT K.,[1]<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-4591-TLN-JDP<br>A# 039-063-819<br>**ORDER** |

Petitioner, an immigration detainee, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 2, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. (ECF No. 12.) Respondents filed objections to the relief recommended by the magistrate judge. (ECF No. 14.) For the reasons explained below, Respondents' objections are overruled.

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

First, Respondents argue the government should not have to bear the burden by clear and convincing evidence at Petitioner's bond hearing. (*Id.* at 1.) However, this is the standard required at bond hearings for *Franco-Gonzalez* class members like Petitioner. *Franco-Gonzalez v. Holder* (*Franco I*), No. CV-10-02211-DMG-DTBX, 2013 WL 3674492, at *13 (C.D. Cal. Apr. 23, 2013) (finding that class members "are entitled to a custody redetermination hearing, at which the Government bears the burden of justifying their continued detention by clear and convincing evidence.") Additionally, courts in this Circuit have routinely found the appropriate standard for a post-deprivation bond hearing is for the government to bear the burden of proving by clear and convincing evidence that a noncitizen's detention is necessary to prevent danger to the community or flight. *See*, *e.g.*, *Pinchi v. Noem*, 792 F. Supp. 3d 1025 (N.D. Cal. 2025); *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035-JLT-HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025); *Caglar v. Wamsley*, No. 2:26-cv-00787-TMC, 2026 WL 1123515 (W.D. Wash. Apr. 24, 2026). The Court agrees with the magistrate judge that this is the appropriate standard for the bond hearing that must be provided to Petitioner.

Respondents' remaining objection is to the timeline of the bond hearing. (ECF No. 14 at 2.) Respondents assert that if Petitioner has not had his competency evaluated or has not had counsel appointed, an immigration judge cannot hold a bond hearing within seven days without being in violation of *Franco-Gonzalez*. (*Id.*) Respondents request additional time for the bond hearing but propose no alternative timeline for the Court to consider. (*Id.*)

In *Franco-Gonzalez*, the court certified both a class and two sub-classes:

> [Class:] All individuals who are or will be in DHS custody for removal proceedings in California, Arizona, and Washington who have been identified by or to medical personnel, DHS, or an Immigration Judge, as having a serious mental disorder or defect that *may render them* incompetent to represent themselves in detention or removal proceedings, and who presently lack counsel in their detention or removal proceedings.
>
> Sub–Class 1: Individuals in the above-named Plaintiff Class who have a serious mental disorder or defect that *renders them* incompetent to represent themselves in detention or removal proceedings.
>
> Sub–Class 2: Individuals in the above-named Plaintiff Class who have been detained for more than six months.

*Franco I*, 2013 WL 3674492, at *2 (emphasis added). The court ordered that members of Sub-Class Two be provided with a bond hearing as discussed above. *Franco-Gonzalez v. Holder* (*Franco II*), No. CV-10-02211-DMG-DTBX, 2013 WL 8115423, at *1 (C.D. Cal. Apr. 23, 2013). Additionally, "members of Sub-Class Two who are also members of Sub-Class One shall be provided a Qualified Representative to represent them during such bond hearing." *Id.*

The record here provides little detail on Petitioner's competency or coverage under *Franco-Gonzalez*. Respondents only state, without any citation, that Petitioner "was identified as a member of a class in *Franco-Gonzalez*" on June 19, 2026, and the "Department of Homeland Security filed a motion to remand with the BIA for the limited purpose of a Judicial Competency Inquiry to determine Petitioner's mental competency to represent himself." (ECF No. 8 at 3.) As the magistrate judge notes, as of August 5, 2026, there is no record that the judicial competency inquiry has occurred. (ECF No. 12 at 2.)

Petitioner has now been in immigration detention for over nine months. The Court declines to withhold relief from Petitioner on account of delay in conducting his judicial competency hearing. Based on the government's determination that Petitioner is a "a member of a class in *Franco-Gonzalez*" and the duration of his detention, Petitioner is a member of Sub-Class Two. While his membership in Sub-Class One remains unknown, the Court finds that the magistrate judge's recommendation that he be provided a qualified representative — unless he is found to be competent and therefore not a member of Sub-Class One — appropriately protects Petitioner's interests and avoids the risk that Respondents could be found in violation of *Franco-Gonzalez*. Respondents do not claim that providing Petitioner with a qualified representative, even if he is not a member of Sub-Class One, would run afoul of *Franco-Gonzalez*. Accordingly, this objection is overruled.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, the Court conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed September 2, 2026 (ECF No. 12) are ADOPTED in full and as set forth below.

2. The petition for writ of habeas corpus (ECF No. 1) is GRANTED.

3. Within **seven (7) days** from the date of this Order (unless Petitioner seeks additional time to prepare), Respondents shall provide Petitioner Surawat K. (A# 039-063-819) a bond hearing before a neutral adjudicator at which the government bears the burden to establish by clear and convincing evidence that Petitioner's ongoing detention is justified due to danger to the public or flight risk such that no alternative to detention can mitigate that risk. At the bond hearing, Petitioner shall be provided a qualified representative under *Franco-Gonzalez v. Holder*, No. 10-cv-2211 (N.D. Cal.), unless an immigration judge has held a judicial competency inquiry and determined that Petitioner is competent to represent himself. If Petitioner is found to be competent, he shall still be permitted to have counsel present at the bond hearing. If the government fails to meet its burden, Respondents must immediately release Petitioner from custody. Respondents may impose any restrictions or conditions determined to be necessary by the factfinder at the hearing.

4. Within **24 hours** of the filing of this Order, **Respondents shall personally serve Petitioner a copy of this Order** and file proof of such service on the docket.

5. Within **two (2) court days** from the date of the bond hearing, **Respondents shall file a notice of compliance** with this provision of the Court's Order confirming that the hearing occurred, the date of the hearing, the outcome of the hearing, whether Petitioner had a qualified representative, and Petitioner's custody status.

6. If Petitioner is released, Respondents are further ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226, absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. At any such hearing, Petitioner shall be

allowed to have counsel present.

7. The parties are advised that any further challenges related to Petitioner's current detention should be filed in this case, using the aforementioned case number (Case No. 1:26-cv-4591-TLN-JDP).

8. The Clerk of Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

DATE: September 8, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE